UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN CASTILLO HERNANDEZ § | | |
| § | | |
| *Plaintiff* § | | |
| § CIVIL ACTION NO. _____ | 5:21-cv-810 | |
| vs. § | | |
| § (JURY REQUESTED) | | |
| GMG LOGISTICS, INC. AND § | | |
| GLEYDER GOVEA MALDONADO § | | |
| § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES JUAN CASTILLO FERNANDEZ, Plaintiff herein, and he files this pleading complaining of GMG LOGISTICS, INC. (hereinafter sometimes referred to as "GMG" or "Defendant") and GLEYDER GOVEA MALDONADO (hereinafter sometimes referred to as "Maldonado" or "Defendant"), (both hereinafter sometimes collectively referred to as "Defendants"), and in support hereof would show to this Honorable Court the following:

### I. PARTIES AND SERVICE

1.1 The Plaintiff is a resident of Guetamala.

1.2 Defendant, GMG Logistics, Inc. is a Florida corporation doing business in and deriving profits in the State of Texas and within this Judicial District. This Defendant can be served by certified mail, return receipt requested with a copy of the petition and citation by and through its agent for service of process as follows: Gleyder Govea Maldonado, 6011 West 24th, #205, Hialeah, Florida 33016.

1.3 Defendant, Gleyder Govea Maldonado is an individual with a Florida driver's license and is believed to be a Florida resident. He operates tractor trailers within the State of

Texas and as set forth below, that operation gives rise to the Plaintiff's causes of action for damages. As allowed by Federal Rule of Civil Procedure 4 (E) (1) and the Texas Civil Practice & Remedies Code § 17.061, et seq, this Defendant can be served by and through his agent for service process as follows: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483. This agent will be served by private process server. When served it is requested that the chairman forward, by certified mail, return receipt requested, the process to the Defendant at his residence located at 6011 West 24th, #205, Hialeah, Florida 33016.

## II.  JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1332.  The Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000 excluding interest and costs.

2.2    This Court has personal jurisdiction over the Defendants because they conduct business within this state and have sufficient contacts with the state, which both generally and with specific regard to this action, show that the exercise of personal jurisdiction is proper.

2.3    Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 because it is the district of both Defendants' business operations and is where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## III.  GENERAL ALLEGATIONS OF FACTS

3.1    Plaintiff would show that on or about May 4, 2021, a serious automobile crash occurred at or near Van Horn, Texas on Interstate 10. At the time of the crash, Plaintiff was operating in a prudent manner in an easterly direction while Defendant Maldonado was operating

tractor pulling a trailer and attempted to pass the Plaintiff ramming a vehicle towed by Plaintiff and causing the Plaintiff to lose control. After the loss of control Defendant Maldonado rammed the Plaintiff vehicles a second time causing a rollover. The actions/inactions of Defendant Maldonado caused serious, permanent, and incapacitating injuries to Plaintiff and caused the damages sought below.

3.2     On the date and time of the crash, Defendant GMG owned and entrusted its tractor to Defendant Maldonado. That driver was operating for and in the scope of employment for GMG, and his work was subject to the control of that Defendant. The actions/inactions of Defendant GMG also caused serious, permanent, and incapacitating injuries to Plaintiff and caused the damages sought below.

## IV.  CLAIMS FOR RELIEF AS TO DEFENDANT MALDONADO

4.1     Plaintiff would show that Defendant Maldonado's actions/inactions aforesaid constitute negligence. The Defendant had a duty to use reasonable care and breached that duty. The occurrence in question and resulting damages were proximately caused by acts of omission and commission on the part of this Defendant that include, but are not necessarily limited to the following:

- Operating the tractor and trailer in a reckless manner.
- Operating while not physically, medically, or emotionally fit. In particular, this Defendant was affected by one or more of the following conditions at the time of the collision: distraction, drowsiness, fatigue, intoxication and/or impairment of the senses by illicit drugs, and/or one or more conditions that made him unfit.

- Operating the truck with inadequate and/or deficient training and/or supervision/monitoring.

- Failing to meet minimum commercial driving standards.

- Failing to yield the right of way.

- Failing to pay proper attention.

- Failing to use caution.

- Failing to control speed.

- Operating as an incompetent, unfit and unsafe driver.

- Failing to ensure proper maintenance and/or inspection of equipment.

- Not being properly qualified to operate a commercial vehicle.

- Violating motor carrier regulations.

- Violating commercial driving standards.

4.2   This Defendant's conduct involved an extreme risk of danger and injury to the Plaintiff and public. The driver's conduct showed a complete absence of care and obvious conscious indifference to the rights, safety, or welfare of the Plaintiff and the public.

## V.   CLAIMS FOR RELIEF AS TO DEFENDANT GMG

5.1   Plaintiff would show that Defendant GMG's actions/inactions aforesaid constitute negligence.  The Defendant had a duty to use reasonable care and breached that duty.  The occurrence in question and resulting damages were proximately caused by acts of omission and commission on the part of this Defendant that include, but are not necessarily limited to the following:

- Inadequate supervision of its driver.

- Improper qualifying of its driver.

- Inadequate training of its driver.

- Inadequate testing of its driver.

- Retaining an unfit driver.

- Failing to have proper management procedures in place.

- Lacking proper driver safety policies and procedures.

- Failing to ensure proper maintenance and/or inspection of its equipment.

- Failing to meet safe trucking fitness standards.

- Entrusting its equipment to a non qualified and unfit driver.

- Violating motor carrier regulations.

- Violating commercial carrier driving standards.

- Respondeat Superior.

5.2     This Defendant's conduct involved an extreme risk of danger and injury to the Plaintiff and public. The commercial carriers' conduct through one or more principals, agents, servants or employees showed a complete absence of care and obvious conscious indifference to the rights, safety, or welfare of the Plaintiff and the public.

## VI. DAMAGES

6.1     Plaintiff seeks compensation for all those damages, direct and consequential, pecuniary and non-pecuniary as allowed by law resulting from the occurrence in question including, but not limited to those for the serious personal injuries for which he has suffered that have resulted in physical pain and suffering, mental anguish, medical expenses, disfigurement, and loss of physical capacity.  Additionally, he seeks damages for his vehicles including, but not limited to total loss of the vehicles, towing and cleanup costs, and storage fees.  All damages will continue into the future, and the past and present value of all these damages is an amount in excess of the minimum jurisdictional limits of the Court.

6.2     Plaintiff will seek punitive damages for the gross negligence and/or acts that constitute malice of the Defendants.

## VII.  JURY DEMAND

7.1   Plaintiff respectfully requests a jury trial pursuant to F.R.C.P. 39.

## VIII.  PRAYER

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff reserves the right to replead as discovery commences and respond to any issues raised by Defendants, and he prays that Defendants be cited to appear and required to answer herein according to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from the Defendants jointly and severally for the actual, compensatory, special, exemplary, and additional damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief to which Plaintiff may in law or in equity show himself justly entitled.

Respectfully submitted,

**HASTINGS LAW FIRM**
101 North Shoreline, Suite 604

        Corpus Christi, Texas 78401
        Telephone:  361-692-2000
        Fax:  361-692-2001


       By: <u>/s/ - Steve T. Hastings</u>
         STEVE T. HASTINGS
         Federal I.D. No.   2232
         Texas State Bar No. 09211000
         Email:  steveh@hastingslawfirm.net
       **ATTORNEY IN-CHARGE FOR PLAINTIFF**


**OF COUNSEL:**

HENRY M. BLACKMON
Federal I.D. No. 38940
Texas State Bar No. 24040528
Email:  henryb@hastingslawfirm.net
**HASTINGS LAW FIRM**
101 North Shoreline, Suite 604
Corpus Christi, Texas 78401
Telephone:  361-692-2000
Fax:  361-692-2001